Todd vs. Larkin et al.

## No. 1159.

### R. B. TODD, CURATOR, VS. MRS. M. T. LARKIN ET AL.

This suit is an attack by a creditor upon titles of third persons, on the ground that they are pure simulations, and that the property belongs to the debtor and is subject to his debts. On the evidence the simulation is not established to our satisfaction.

APPEAL from the Sixth District Court, Parish of Morehouse. *Dunn*, judge *ad hoc*.

*David Todd* and *Bussey & Naff* for Plaintiff and Appellant:

1. Good faith is essential in a person pleading prescription of ten years to real estate, under a title. C. C. 5479.
2. A judgment is not prescribed till ten years after the date of the adjournment of the term of court wherein the judgment is rendered. Page 555; 29 Ann. 518; 35 Ann. 285.
3. Service of citation on one obligor *in solido* stops prescription against the other obligors *in solido*, or the heirs of such obligors. C. C. 3552; 29 Ann. 298; 26 Ann. 608; 30 Ann. 498.
4. A judgment of separation of property is null, if the wife does not pursue her husband's property by an uninterrupted suit to collect her debt, till it is collected or all of his means are exhausted. C. C, 3428; 34 Ann. 690; 27 Ann. 193; 28 Ann. 151, 346.
5. An act of giving in payment from a husband to his wife must be an authentic act. C. C. 2428.
6. When a fraudulent simulation is made, and all of the debtor's creditors are afraid or unwilling to go to the expense and trouble of procuring the evidence and instituting and prosecuting a suit in declaration of simulation, the creditor who goes to this expense and trouble and succeeds in unveiling the simulation, and having the property decreed the property of his debtor, is entitled to be paid out of the proceeds of such property to the prejudices of all creditors who failed to bring such a suit. 9 R. 29; 8 Ann. 453.
7. One cannot claim by reconvention what one is estopped from demanding in a direct action.
8. In a suit in declaration of simulation where it is shown that no money passed, the transaction will be annulled. 1 Ann. 42; 10 Ann. 691; 12 Ann. 666.

*Boatner & Boatner* for Defendants and Appellees.

The opinion of the Court was delivered by
FENNER, J. Plaintiff is the holder of a judgment against Porter J. Larkin, deceased, rendered in 1875, and recorded in Morehouse parish on November 17th of that year.

In January, 1883, Porter J. Larkin transferred, by an act of sale, to his brother, M. K. Larkin, a certain plantation in said parish; and on March 29th, 1876, M. K. Larkin executed an act of sale of the same property to Mrs. M. T. Larkin, wife of Porter J. Larkin, separate in property.

The object of the present action is to have the foregoing transfers declared to be pure simulations, and to have the property decreed to have been, and to be, that of Porter J. Larkin and his heirs, and to be subject to plaintiff's judicial mortgage.

It is to be noted, as an important fact, that on May 29th, 1873, Mrs.

M. T. Larkin had obtained a judicial separation of property from her husband, Porter J. Larkin, and a judgment against him for $11,513.47, with legal mortgage on all his property, then duly recorded, and operating as a legal and judicial mortgage, ante-dating by several years that of plaintiff, and this judgment has been duly kept alive and reinscribed.

We fail to find evidence in this record which would justify us in pronouncing simulated titles which have stood unimpeached for so long a time.

All the parties to these conveyances were dead at the time of the trial of this case, except M. K. Larkin.  Porter J. Larkin had died in ——.  Mrs. M. T. Larkin, though alive at the date of institution of this suit, died before issue joined.

The testimony of M. K. Larkin was taken under commission issued by plaintiff, but proving unsatisfactory, plaintiff did not offer it, and defendants introduced it in evidence.

That testimony is positive to the effect that the sale to M. V. Larkin was a real transaction; that Porter J. Larkin desired and intended to sell and induced M. K. to buy; that the consideration was $4,000, for which four notes of $1,000 each were given; that he only consented to buy, however, to oblige his brother and upon a verbal understanding that, if he should be unable to pay his notes, his brother would not foreclose, but would return them and take back the place.  But his right to pay the notes and keep the property was unquestioned and, in law, his obligation was equally absolute, if insisted on by Porter, because the above verbal understanding was of no legal effect.

It is impossible to treat such a contract as a simulation, because under it Porter Larkin's ownership was absolutely divested and M. K. Larkin acquired the unconditional right to keep the property on paying the price, which is all that, under the effect of the resolutory condition, any vendee acquires.

It is quite possible that Porter's object in selling and M. K.'s motive in consenting to buy, were to put the property beyond the reach of creditors; but this would only subject the transaction to the revocatory action, which is long since prescribed.  It is the necessity of plaintiff's case to establish, not fraud, but simulation.

The only rebuttal of this testimony consists of circumstances and presumptions which, however powerful in themselves, find an explanation upon the hypothesis of a fraudulent contract, as complete as upon that of simulation.

So much for the first transfer.  Now, in March, 1876, M. K. Larkin,
43

being desirous to sell back the property, found his notes in the hands of Mrs. Larkin, then separate in property from her husband. How she acquired them, on what consideration and for what purpose is not shown.

This failure of proof is not the fault of defendants, their mother and father having both died during the long delay which plaintiff suffered to elapse in sleeping on his rights.

At all events, she held the notes and was legally capable of owning and dealing with them in her separate right.

M. K. Larkin applied to her to buy the property in consideration of the notes. She at first declined to do so, but ultimately consented, and the conveyance to her was executed.

From what we had just said, it is apparent that this was a real transaction, the effect of which was to transfer the title from the real owner for a valuable consideration.

But plaintiffs contend that she was a mere person interposed paying for the property with her husband's means and receiving and holding it for him.

But this is mere assumption and not supported by any weighty proof and loses even its plausibility when it is considered that she was then the holder of the superior mortgage, legal and judicial, against her husband, for an amount equal to the value of the property, to which the property, if acquired by the husband, would be instantly subjected.

What motive, then, for disguise or simulation? How natural, then, that all parties should have intended that the title should pass to the wife, as a real title and as the true owner! If such was the intention, and we are convinced that it was, the wife's title could not be attacked as a simulation, even if the husband had given the notes to her without consideration. The gift of the notes might possibly be the subject of attack under proper conditions, and fraud on creditors might be invoked, but it would be impossible to treat the title as a mere simulation.

We have considered all the circumstances of the case very carefully; but the title to property which has subsisted so long without question, and which was made to a party who, at the time of taking it, held the first mortgage upon it equal to its value, is not to be lightly treated as a simulation.

All the aversion which the judicial conscience rightly feels against

devices to screen and cover up property under fictitious appearances, loses its force in presence of such a state of facts. The property has gone to the one who had the best right to it; and, except upon clear proof, neither law nor equity would justify our interference with it.

Such was the conclusion of the judge *a quo*, and we approve it.

Judgment affirmed.

Todd, J., is recused.